IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHESTER L. WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-00156 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| CAROLYN JORDAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Chester L. Wallace, a state prisoner filed this action under 42 U.S.C. § 1983 against the Defendants: Carolyn Jordan, Arvil Chapman, L. Staggs, Mercedes Harding, Tiffany Taylor, Derrick Schofield, David Sexton, f/n/u Carson, Michael Parris, Jeffrey Nance and David Elam, employees at the South Central Correctional Facility ("SCCF"). After a review of the pro se complaint, the Court set this action for a frivolity hearing to assess whether Plaintiff stated a claim for relief so as to justify further proceedings.

Plaintiff, Chester Wallace has been in state custody for five years for attempted robbery. Plaintiff was transported to the South Central Correctional Facility ("SCCF") in Clifton, Tennessee from the Morgan County Correctional Facility where Plaintiff was incarcerated for the prior two years. The day after his arrival at SCCF on January 8, 2013, Plaintiff visited a SCCF counselor to speak with her about a mental health issue. Plaintiff was concerned about reports that the prisoners who were recently transferred to SCCF, had mental health needs. SCCF has a mental health program and Plaintiff stated that he wanted to talk with this counselor about the program.

Plaintiff alleges that when he approached the counselor, the counselor became belligerent and

1

would not talk to him. Plaintiff alleges that he left the counselor's office and went to the day room for lunch. Plaintiff alleges that shortly thereafter the counselor's co-worker told Plaintiff that the counselor wanted to speak to Plaintiff. Plaintiff responded that he did not want to speak to the counselor.

According to Plaintiff, the counselor then arrived in the day room and demanded Plaintiff come to her office and speak with her. Plaintiff alleges the counselor grabbed his left shoulder to force him to face her. According to Plaintiff, he tried to walk away and told the counselor to leave him alone. The counselor allegedly responded that she was giving Plaintiff a direct order. In any event, Plaintiff refused and after some back and forth, Plaintiff hit the counselor in the back of her head with a cup of water. For this conduct, Plaintiff received a disciplinary charge.

At the disciplinary hearing on January 10th, Plaintiff requested to enter a best interest plea that he hit the counselor in the back of the head with a cup of water. Plaintiff alleges that he was found guilty of a class A offense and the disciplinary board recommended administrative segregation, 90 days prisoner sentence reduction credit and forfeiture of 90 days worth of already earned credits as well as 30 days of punitive segregation. Plaintiff asserts that, if he knew the charge was a class A offense, he would have presented four witnesses, three inmates and the pod officer. Yet, the board chairman cited Plaintiff's signature on a form waiving his right to present witnesses. Plaintiff alleges at least six or seven Caucasian males had use of force charges, but none were recommended for administrative segregation, only close custody. Plaintiff, however, conceded those inmates's conduct did not involve physical force against a person

Several days after his disciplinary board hearing, Plaintiff stated that he was transferred to Riverbend Maximum Security Institution ("RMSI") in Nashville and placed in unit one, "super

max." At the time of the frivolity hearing, Plaintiff had been in segregation for 13 months, but is now incarcerated at the Morgan County facility where he alleges that he was not afforded an opportunity for a placement hearing at Morgan County. Plaintiff's only claim concerns his placement in administrative segregation. For a due process violation, Plaintiff alleges he was never given a placement hearing within 72 hours at SCCF.

## B. Conclusions of Law

Plaintiff's due process and related claims are based upon his disciplinary hearing and sanctions. For such claims, Plaintiff must allege plausible facts that the disciplinary sanction constitutes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). For this due process claim, Plaintiff's liberty must be restrained in a way that "exceed[s] the [prisoner's] sentence in . . . an unexpected manner." Id. Here, Plaintiff alleges that days after the disciplinary sanctions at SCCF, Plaintiff was transferred to RMSI and later to the Morgan County facility. Thus, the Court concludes that the SCCF defendants' alleged conduct that caused a short confinement in administrative segregation does not qualify under Sandin as "atypical." In addition, under Sandin, prison regulations do not create the liberty interest. The Court informed Plaintiff that any actions against the Morgan County prison officials had to be pursued in the Eastern District.

For these reasons, the Court concludes that his action should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the 27th day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge